IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOAPHAN SENGCHAREUN,<br><br>                Petitioner,<br><br>    vs.<br><br>PAUL THOMPSON, Warden, FCI Herlong,<br><br>                Respondent. | No. 2:21-cv-00783-JKS<br><br>MEMORANDUM DECISION |

      Boaphan Sengchareun, a federal prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2241. Docket No. 1 ("Petition"). Sengchareun was sentenced in the U.S. District Court for the District of Alaska to a 140-month term of imprisonment upon his 2013 guilty plea to conspiracy to distribute methamphetamine. *See United States v. Woods, et al.*, No. 3:13-cv-00017-SLG. He is currently incarcerated at FCI-Herlong, which is located within the Eastern District of California, with a projected release date of February 14, 2023.[1] *See* https://www.bop.gov/inmateloc/ (BOP Register No. 16822-006); Docket No. 8-2 at 1-2. Sengchareun does not challenge his conviction in the instant § 2241 Petition but rather seeks sentencing credits and a recalculation of his release date. Respondent has answered in opposition, and Sengchareun has replied.

I.  STANDARD OF REVIEW

    A federal district court may grant habeas relief to a federal prisoner if his custody violates federal law. *See* 28 U.S.C. § 2241. While a federal prisoner challenging the validity of

---

[1] A federal prisoner must file a § 2241 petition in the district of his custodian, not the district that sentenced him. *See Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000).

a conviction must bring a petition under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or execution of that sentence must ordinarily rely on a petition under § 2241. *See Hernandez*, 204 F.3d at 864. The United States Bureau of Prisons ("BOP"), rather than the sentencing court, calculates a federal prisoner's entitlement to sentencing credit in the first instance. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). The BOP's calculation of sentencing credit is a sentence's execution that a habeas petitioner may challenge with a § 2241 petition. *See Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015); *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984).

## II.  DISCUSSION

A federal inmate can hasten his release from prison by earning what is known as "good time" or "good time credit" through "exemplary compliance with institutional disciplinary regulations." *See* 18 U.S.C. § 3624(a)-(b). The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (Dec. 21, 2018), reformed various aspects of the operation of federal prisons and, of relevance here, mandated the creation a system of "earned time credits" distinct from the good time credit system. Under the earned time credit system, an eligible prisoner may earn credits toward early release when he or she "successfully completes evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A).

To facilitate that system, Congress directed BOP to develop and then publicly release a "risk and needs assessment" to "review each prisoner's recidivism risk level, award earned time credit as an incentive for participation in recidivism reduction programming, and 'determine when a prisoner is ready to transfer into prerelease custody or supervised release in accordance with section 3624.'" *Bottinelli v. Salazar*, 929 F.3d 1196, 1197-98 (9th Cir. 2019) (citation

omitted); *id.* § 3621(h)(2)(A)-(B).  BOP, through the Attorney General of the United States Department of Justice, met the July 19, 2019, deadline of creating the system for recidivism risk level review, known as the BOP's "Prisoner Assessment Tool Targeting Estimated Risk and Needs," or "PATTERN."  *Bottinelli*, 929 F.3d at 1198.  Congress further directed BOP to "complete the initial intake risk and needs assessment for each prisoner" by 180 days later (January 2020).  18 U.S.C. § 3621(h)(1)(A).  Of relevance here, BOP met that deadline with respect to Sengchareun, whom the BOP has tentatively found by PATTERN assessment to be a candidate to earn and apply for earned time credits.  Docket No. 8-2 at 4-5, 10, 20; *see also Hand v. Barr*, No. 1:20-cv-00348, 2021 WL 392445, a*3 (E.D. Cal. Feb. 4, 2021) (citing January 15, 2020, press release by the U.S. Department of Justice advising that, as of that date, "all inmates in the [BOP] system have received an initial assessment using" PATTERN).

Sengchareun now claims that he qualifies for sufficient earned time credits under this system to warrant immediate transfer to pre-release custody (home confinement or a residential drug abuse program).  According to Sengchareun, he has accrued earned time credits from October 25, 2013 (the date his sentence commenced) through the filing date of the petition.

But this Court concludes, consistent with rulings from district courts across the nation, that Sengchareun's Petition is premature and unripe.[2]  Federal courts are limited to deciding "cases" and "controversies."  U.S. CONST. art. III, § 2.  One component of the "case or controversy" requirement is that a claim must be ripe for review.  *Bova v. City of Medford*, 564

---

[2] Because the Court finds the ripeness issue to be dispositive, it declines to address Respondent's alternative arguments that Sengchareun lacks standing and failed to exhaust his administrative remedies, and that the Court lacks jurisdiction to compel the BOP to take discretionary action.

F.3d 1093, 1095-96 (9th Cir. 2009). "[R]ipeness addresses when litigation may occur[,]" *Lee v. Oregon*, 107 F.3d 1382, 1387 (9th Cir. 1997), and is "designed to 'prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements,'" *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) (citation omitted).

Although Sengchareun avers that he has obtained earned time credits since he entered custody in 2013, a review of the legislation shows that earned time credits have not yet been established. The First Step Act clearly allows BOP to phase in and gradually implement the earned time credits system. *See* 19 U.S.C. § 3621(h)(2)(A). Specifically, the Act requires BOP to provide evidence-based recidivism reduction activities for all prisoners before the two-year anniversary of the date that BOP completes a risk and needs assessment for each prisoner—namely, by January 15, 2022. *Id.* The statute also requires during the phase-in period that BOP "develop and validate the risk and needs assessment tool to be used in the reassessments of risk of recidivism, while prisoners are participating in and completing evidence-based recidivism programs and productive activities." *Id.* § 3621(h)(2)(B). But the statute does not require BOP to begin awarding earned time credits during the phase-in period. Indeed, the statute specifically leaves to BOP's discretion whether to expand existing programs or to offer to prisoners who successfully participate in such programs incentives and rewards. *Id.* § 3621(h)(4).

The overwhelming majority of courts to have considered similar inmate challenges have come to the conclusion that BOP is not yet required to award earned time credits, and thus

§ 2241 petitions seeking the award of such credits are premature and unripe at this time.³ *See, e.g.*, *Diaz v. FCI-Ray Brook*, No. 9:21-cv-0738, 2021 WL 3032694, at *2 (N.D.N.Y. July 19, 2021); *Matecki v. Thompson*, No. 2:21-cv-0268, 2021 WL 2457691, at *3 (E.D. Cal. June 16, 2021), report and recommendation adopted, 2021 WL 3206571, at *1 (E.D. Cal. July 29, 2021); *Holt v. Warden*; No. 4:20-cv-4064, 2021 WL 1925503, at *5 (D.S.D. May 13, 2021); *Cohen v. United States*, No. 20-cv-10833, 2021 WL 1549917 at *3 (S.D.N.Y. April 20, 2021); *Fleming v. Joseph*, No. 3:20-cv-5990, 2021 WL 1669361, at *4-5; *Kennedy-Robey v. FCI Pekin*, No. 20-cv-1371, 2021 WL 797516, at *3-4 (C.D. Ill. Mar. 2, 2021); *Hand*, 2021 WL 392445, at *5, report and recommendation adopted, 2021 WL 1853295 (E.D. Cal. May 10, 2021); *Llewlyn v. Johns*, No. 5:20-CV-77, 2021 WL 535863, at *2 (S.D. Ga. Jan. 5, 2021), report and recommendation adopted, 2021 WL 307289 (S.D. Ga. Jan. 29, 2021).  Because BOP is not yet required to provide earned time credits, there is currently no basis for this Court to conclude that the failure of BOP to provide such credits during the phase-in period is a violation of the First Step Act.  Accordingly, Sengchareun's habeas petition is premature, and must be dismissed without prejudice.

---

³ Like most prisoners bringing similar suits, Sengchareun cites to *Goodman v. Ortiz*, Civ. No. 20-7582, 2020 WL 5015613 (D.N.J. 2020).  In *Goodman*, the court determined that a prisoner was entitled to immediate earned time credits even during the ongoing phase-in period. *Id.* at *6.  In reaching this conclusion, the court stated that there was "no evidence in the statutory framework for delaying application of incentives earned by all prisoners during the phase-in" period. *Id.*  But other federal courts have uniformly declined to adopt the reasoning of *Goodman*.  These courts have reasoned that, while "[t]he use of the word 'may' indicates that . . . it is permissible for the BOP to award time credits under the statute at any time after the date of enactment, the BOP is not *required* to do so." *Kennedy-Robey*, 2021 WL 797516, at *4.  This Court agrees with the overwhelming majority of courts that the First Step Act does not require BOP to award earned time credits before the implementation of regulations to administer it.

### III.  CONCLUSION

Sengchareun is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of the Court is to enter judgment accordingly.

Dated: September 14, 2021.

                                                                /s/James K. Singleton, Jr.
                                                            JAMES K. SINGLETON, JR.
                                            Senior United States District Judge